*Frank Weaver v. Oren G. King et al.

1. Presumption of Issuance of Citation and Election of Widows.

Where all the records of the probate court were destroyed by fire subsequent to the probate of a will and the settlement of an estate, there being no direct evidence whether or not the widow was cited to elect or made any election to take under the will, a court will presume that the required citation was issued and that the widow elected to take the more valuable estate.

2. Widow Takes Estate by Executory Devise.

A will provided that the testator's real estate should pass to his wife and child in the same manner as provided by statute, and then provided:— "in the event of the death of my said son without lawful issue, leaving my said wife surviving him, then in that case, all my property, real and personal, remaining, shall pass and go to my said wife as her sole and separate property." The son having died in infancy subsequent to the death of testator the widow under the above quoted clause of the will took the estate in fee simple by way of executory devise.

3. Whether Widow Takes Executory Devise by Failing to Elect to Take Under Will.

In case the widow had elected not to take under the will and thereafter the son had died without lawful issue, whether or not the widow, notwithstanding such election, would have taken the estate in fee simple, by way of executory devise, quaere.

[Syllabus by the court.]

Error to Licking common pleas.

**Jones & Jones,** for plaintiff in error.

**Kibler & Montgomery** and **Robbins Hunter,** for defendant in error:

Cited and commented upon the following authorities: *Stratton v. Kennard,* 74 Ind. 302; *Stewart v. Rankin,* 39 Ind. 161; *Cluck v. State,* 40 Ind. 263; 3 Enc. Pl. & Pr. 410. 411; *Coil v. Willis,* 18 Ohio 28; *Hollister v. Reznor,* 9 Ohio St. 1; *Scovern v. State,* 6 Ohio St. 288; *King v. Kenny,* 4 Ohio 79; *McDougal v. Fleming,* 4 Ohio 388; *Armstrong v. Clark,* 17 Ohio 495; *Hanna v. Maas,* 122 U. S. 24 [7 Sup. Ct. Rep. 1055; 31 L. Ed. 1117]; *Dunn v. State,* 23 Ohio St. 167; *Hallam v. Jacks,* 11 Ohio St. 692; *Olney v. Watts,* 43 Ohio St. 499

*Affirmed by the Supreme Court, without report, 80 Ohio St. 717.

Licking County.

[3 N. E. Rep. 354]; *Pettett* v. *Van Fleet,* 31 Ohio St. 536; 2 Rockel, Prob. Prac. Sec. 1222, 1224, 1226; Page, Wills Sec. 719; *Parker* v. *Seeley,* 56 N. J. Eq. 110 [38 Atl. Rep. 280]; *Spruance* v. *Darlington,* 7 Del. Ch. 111 [30 Atl. Rep. 663]; *Hawkins* v. *Barrows,* 8 Circ. Dec. 251 (15 R. 141); *Thompson* v. *Hoop,* 6 Ohio St. 481; *Baxter* v. *Bowyer,* 19 Ohio St. 490; *Stockton* v. *Wooley,* 20 Ohio St. 184; *Nimmons* v. *Westfall,* 33 Ohio St. 213; *Niles* v. *Gray,* 12 Ohio St. 320; *Jones* v. *Lloyd,* 33 Ohio St. 572; *Weston* v. *Weston,* 38 Ohio St. 473; Jarman, Wills 445; Page, Wills Sec. 723; *Smith, Estate of,* 108 Cal. 115 [40 Pac. Rep. 1037]; *Bennett* v. *Packer,* 70 Conn. 357 [39 Atl. Rep. 739; 66 Am. St. Rep. 112]; *Fry* v. *Morrison,* 159 Ill. 244 [42 N. E. Rep. 774]; *Wilson* v. *Wilson,* 145 Ind. 659 [44 N. E. Rep. 665]; *Hovey* v. *Hovey,* 61 N. H. 599; *Cannon* v. *Apperson,* 14 Lea. (82 Tenn.) 553; *Drake* v. *Wild,* 70 Vt. 52 [39 Atl. Rep. 248]; *Franke* v. *Wiegand,* 97 Iowa 704 [66 N. W. Rep. 918]; *Posegate* v. *South,* 46 Ohio St. 391 [21 N. E. Rep. 641]; *Mellen* v. *Mellen,* 139 N. Y. 210 [34 N. E. Rep. 925]; *Hutchings* v. *Davis,* 68 Ohio St. 160 [67 N. E. Rep. 251]; 2 Rockel, Wills Secs. 1224, 1226; *Millikin* v. *Welliver,* 37 Ohio St. 460; *Spreen* v. *Sandman,* 1 Circ. Dec. 577 (2 R. 441); *Way* v. *Langley,* 15 Ohio St. 392.

## DONAHUE, J.

This cause comes into this court upon a petition in error, seeking to reverse the judgment of the common pleas court in an action in ejectment brought by Frank Weaver against Oren G. King et al., in said court.

The errors complained of are: As to the admission of evidence, and errors in the charge of the court.

It is insisted that the errors in the charge of the court do not fully appear from the bill of exceptions, because the charge is attached to the bill of exceptions as an exhibit thereto; and it is insisted that under the authority of the case of *Dunn* v. *State,* 23 Ohio St. 167 and 168, such exhibit cannot be looked to to determine the charge of the court, or to determine whether or not any prejudicial error occurred therein.

With this contention we do not agree. The exhibit attached to the bill of exceptions in that case was referred to in the bill of exceptions as containing the testimony admitted at the trial, and the court held that it could be looked to for no other purpose; but the inference is that it could be looked to for that purpose. This bill

Weaver v. King.

of exceptions refers to this exhibit as the charge of the court, and we think the reviewing court has the right to look to the same to determine whether the law was properly given or not.

First. As to the admission of evidence:

It is contended that the will of Nathan King was improperly admitted in evidence. With this contention we agree. There was nothing in that will, nor the acceptance under that will by the widow. of Christopher Weaver, that would indicate an election on her part to take under the will.

The objection to the testimony of William Prout we think was not well taken. It showed the conduct of the widow in relation to this property, and the effect of it was for the jury. If, under the circumstances claimed by counsel for plaintiff in error, she might, with equal propriety, speak of the property as her property, whether she had taken under the will or not, then it would have little or no probative force; but its introduction cannot be, and is not, prejudicial error.

The testimony of Herbert Atherton, land appraiser, as to the delivery to her of a copy of his appraisement of this real estate, was improperly admitted. It is the same as the will of Nathan King, and could not serve the purposes of Mrs. Weaver or operate against her.

The introduction of the deed from Catherine Weaver to George Wallace was also objected to. We think this was properly admitted, and, under the circumstances of this case, was the best evidence obtainable to establish an election *in pais*, or an actual election under the statute.

We think the charge of the court, submitting to the jury the right to determine whether or not, under this will, Catherine Weaver was entitled to the provisions of the will and her statutory rights as widow in said property, was clearly erroneous. The court should have determined that matter. It is a question of law and involves the construction of the will itself, and ought not to be left to a jury to determine.

The question now arises whether these errors that we find apparent upon the record in this case are prejudicial errors or not. This case is peculiar in the fact that the entire records of Licking county, covering this period of time in which administration was had of Christopher A. Weaver's estate, were destroyed. That is to say, if the widow had elected under the statute, the record evidence of that election is gone. The widow was dead. Many years had elapsed, and it was impossible

to call anyone who had actual knowledge of the fact as to whether she had or had not elected under the statute. The defendant was not driven to the defense of proving an election *in pais*, but could rely not only upon such an election, but could also rely upon an election under the statute, and prove that election by the best evidence now obtainable. True, it would be the same character of evidence necessary to establish an election *in pais*, but we hardly think it would require so much proof as would be required to establish such an election, especially if the terms of the will showed that it was to her interest to have made such an election.

The terms of this will do not show conclusively upon its face that such an election would have been to her interest. Otherwise, in view of her conduct touching this property, we would presume such an election to have been made in this particular case. It is different from a case where the records of the administration of an estate are intact. But it not clearly appearing that it would be for her best interests to elect to take under the will, we must next look to the evidence as to her conduct touching this property, not for a week, a month or a year, but, as stated in the case of *Millikin* v. *Welliver*, 37 Ohio St. 460, at 467: "In * * * an *implied* election that bars dower, the acts relied upon are long continued, unequivocal, and inconsistent with the claim for dower."

We also think that it may become necessary not only to look to her conduct, but to the conduct of those who held the next estate in remainder, in case she did not elect to take under the will. All of the widow's conduct in relation to this property is perfectly consistent with an election to take under the will. It does not appear that she ever made any application to have her dower assigned therein, and she treated the property, at all times, as her property.

True, it is insisted by counsel for plaintiff in error that the acts aside from the failure to have dower assigned, are just as consistent with her life estate interest therein as if she were the owner in fee. That may be true, but the fact that she did not cause her dower to be assigned therein is not consistent with the theory that she did not elect to take under the will.

But her deed to George Wallace, made in 1869, containing covenants of seizin and warranty, is the most substantial evidence offered in this case, and is practically conclusive that she had elected to take under this will. It was an act on her part that would have barred her claim of dower in said premises as effectually as an election to

take under the will. It was a solemn declaration on her part of absolute ownership of the property. It was notice to these heirs now claiming the remainder in fee in this property that she claimed a larger estate therein than a life estate, and that she was holding this property under such claim and adversely to any interest that they might have; and the attempt to make such conveyance by one having a life estate only, would have given to the remainder-man a right of action at least in reference to the lands conveyed, if not to all the lands so held by her.

This being true, we think that the evidence properly admitted, in the absence of proof to the contrary, in view of the fact that the records have been destroyed, is practically conclusively not only of an election *in pais*, but of an actual election under the statute.

Therefore notwithstanding the errors in the admission of evidence and in the charge of the court, the verdict of the jury in this case was right, and no other judgment could be sustained under the record in this case.

In the case of *Way & Co.* v. *Langley*, 15 Ohio St. 393, it is held:

"Where, in error, it is apparent from the record that the judgment of the court below was right, technical errors intervening on the trial, will not avail to disturb the judgment."

These errors are merely technical errors and ought not to cause a reversal of this judgment that is manifestly the correct judgment in the case.

Aside from these considerations, it is by no means certain that this widow would not have taken the remainder in fee in this land upon the death of her son, even though she had not taken under the will. This is an executory devise. It has no relation to an estate of immediate enjoyment. If no provision whatever had been made for the wife in this will other than this one, and she had been given her dower and distributive share under the statute, we think that, upon the death of the son, this executory devise would operate in her behalf, and that she would receive the fee in the remainder therein. True, the language of the statute in this behalf is plain and explicit, that the widow must elect to take under the will; otherwise, she will be remitted to her statutory interest in her deceased husband's estate. But, the purpose of this election is for the sole and only purpose of barring her from dower and a distributive share in his property.

When it clearly appears by the terms of a will that any devise therein is not in lieu of dower and distributive share, but in addition thereto, then no election is necessary, for it is only an election between

rights that she is called upon to make. When there is no conflict of rights, there is no necessity for an election.

We think the manifest intent and purpose of this item of the will was to give her this estate by way of executory devise, in addition to her statutory rights in said estate, and without reference whatever thereto. If this construction of the will be the true one, then the evidence offered in the trial of this case is not important; no matter how erroneous the admission of evidence or the charge of the court may be, it could not be prejudicial, if the judgment was in accord with this construction. But whether or not this construction should obtain, the only competent evidence in the case shows that there was an election, either under the statute or *in pais,* and it is a matter of indifference which. The verdict and judgment is right, and ought not to be set aside for technical errors.

The judgment of the common pleas court is affirmed, with costs.

Exceptions of plaintiff in error are noted, and cause remanded for execution.

**Taggart** and **Craine, JJ.,** concur.